[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION
Pursuant to the order of the Appellate Court, dated June 19, 2002, the trial court hereby renders the following articulation regarding it's January 2, 2002 opinion in the above captioned case.
The trial court denied respondent mother's application for waiver of fees to appeal because the first proffered issue was not raised at trial and therefore not properly preserved for appeal and the second proposed issue lacked merit.
Respondent mother claimed two issues at oral argument in support of her motion for waiver of fees.[1] Those two issues were: "(a) Did the trial court err in its finding that a consent in a prior termination proceeding satisfies the requirement of section 17a-112 (c)(3) (E0 of the Connecticut General Statutes." and "(b) Did the trial court err in its interpretation of failure to rehabilitate as delineated in section 17a-112
(c)(3)(E) of the Connecticut General Statutes under the facts and circumstances of this case."
As to respondent mother's first proposed issue, the trial court determined it lacked merit in that there was never any evidence introduced by any party at trial as to how the prior termination was obtained. The only evidence introduced at trial and subsequently proven by clear and convincing evidence was the fact that there had been a prior termination of respondent mother's parental rights as to another child in September of 2000. The trial court did not rule on whether a consent in a prior parental termination case satisfies subsection E of the statute because it was never asked to do so. On appeal the record would be silent CT Page 8600 and therefore insufficient to address the statutory validity or constitutionality of C.G.S. § 17a-112 (c)(3)(E). The trial court concluded that respondent mother's failure to raise the issue at trial and her failure to make a proper record, precludes her from now claiming that she is entitled to a waiver of fees to appeal a legal claim never factually or legally raised at trial.[2]
Respondent mother's second proposed issue on appeal is that the trial court erred in its interpretation of `failure to rehabilitate" as contained in C.G.S. § 17a-112 (c)(3)(e) under the facts and circumstances of this case.
The trial court rendered a written decision delineating its factual findings and legal conclusions. Gregory D. was respondent mother's ninth child. As was noted on page 2 of the court's decision, eight of respondent mother's nine children were removed from her care due to emancipation or her inability to provide a safe and nurturing home for them. Respondent mother has a chronic and long standing substance abuse problem and, at times, a transient lifestyle. State's exhibit B, admitted as a full exhibit, outlined in great detail respondent mother's chronic use of cocaine and noncompliance with treatment. The trial court found that respondent mother cannot maintain a lifestyle free of substance abuse. It is respondent mother's chronic and unsuccessfully treated substance abuse and its accompanying lifestyle that constituted the basis for the trial court's finding that there had been a failure to rehabilitate. The evidence of respondent mother's failure to rehabilitate was overwhelming. Any claim on appeal regarding the factual conclusions reached by the trial court regarding respondent mother's failure to rehabilitate is without merit.
Bernadette Conway, Judge of the Superior Court